## SPAULDING v. WESSON et al.[*]

### S. F. No. 41; July 23, 1896.

#### 45 Pac. 807.

**Public Streets—Dedication—Acceptance.—It Appeared That in** 1855 and 1856, under certain ordinances, a land owner had a tract subdivided into blocks and lots, with streets delineated thereon, among which was Union street, and a map was made and approved, showing such survey. In 1861 the then owner of defendant's lot made a declaration of homestead upon it, showing it to be bounded on the north by Union street. The conveyance of said lot to defendant, and a declaration of homestead and mortgage executed by him, all described the lot in a similar manner. When Union street was graded, defendant made no objection thereto. After the grading was finished the fences were adjusted to Union street as thus laid out, the street was sewered and paved, and a street railroad was placed thereon, without objection by defendant. Held, that Union street was dedicated to public use as a street, and accepted as such.

**Public Streets—Dedication—Estoppel.—The Fact That, Twelve** Years after the city had caused Union street to be graded, it took steps to declare Union street a public street, and to procure the legal title thereto, cannot operate as an estoppel in pais to defeat a recovery for work done by the contractor who graded the street.

---

[*]For subsequent opinion in bank, see 115 Cal. 441, 47 Pac. 249.

APPEAL from Superior Court, City and County of San Francisco; Water H. Levy, Judge.

Action by N. W. Spaulding against J. W. Wesson and others to recover on a street assessment for grading. From a judgment in favor of plaintiff and from an order denying their motion for a new trial defendants appeal. Affirmed.

J. C. Bates for appellants; W. H. H. Hart and D. H. Whittemore for respondent.

SEARLS, C.—This is an action to recover on a street assessment for grading Union street from Larkin street to west line of Franklin street, in the city and county of San Francisco, under a contract made on the fourth day of October, 1877, with plaintiff's assignor, J. S. Dyer. Plaintiff had judgment, and defendants appeal therefrom and from an order denying their motion for a new trial. The cause has been here before, upon an appeal by the plaintiff, and the decision is reported in 84 Cal., at page 141, 24 Pac. 377.

Was Union street, from Larkin street to the west line of Franklin street, on the twenty-fifth day of June, 1877—the date of the resolution of the board of supervisors to order the grading thereof—a public street of the city and county of San Francisco? This is practically the sole question in the case. It needs no argument to demonstrate that, if that portion of said street was not in fact and law a public street, the board of supervisors was without jurisdiction to order the improvement for the payment of which the assessment involved in this action was made. This question was made an issue in the case, and was solved in favor of the plaintiff by the eighth finding of the court, in the following language: "That Union street, between Larkin and Franklin streets, originally ran through a part of lot No. 15 of the Laguna survey, as designated on the official map of said city and county, but that said portion of Union street was, prior to the twenty-fifth day of June, 1877, dedicated to public use, and was then, and now is, a public street, and not owned by the defendants." This finding is assailed by the appellants as not being supported by the evidence. The answer to the objection thus made is determinative of the case. Some minor questions were made at the trial, which need not be noticed; for, as is well said by counsel for appellants, "they resolve themselves into the question of the right of jurisdiction of

the board of supervisors to grade a projected street, only, through private property, and to attempt to assess the owners of the property unlawfully attempted to be taken, to pay for the work.'' Manifestly, if the alleged street was not private property, but an open, public street, objections predicated upon the theory of its being such private property fall to the ground. The finding is to the effect that the street became such by dedication prior to June 25, 1877. Dedication is the setting apart of land for the public use. To constitute a valid dedication to a public use, it is essential that the acts of the owner be of such a character as to conclude him, and that, as against the public, it be accepted by the proper local authorities, or by general public user. No formal act of dedication by the owner, or of acceptance by the public, is requisite. Any evidence which establishes the intent of the owner to dedicate, and of the public to accept such dedication, is sufficient to establish a common-law dedication to a public use. There was evidence tending to show that the lot of land owned by defendants, designated in the assessment as ''Lot 18,'' and situate at the southwest corner of Union and Polk streets, originally constituted a part of lot 15 of the Laguna survey, conveyed in 1848, by an alcalde grant to Stephen Harris, under whom, by sundry mesne conveyances, defendants hold title. Upon the Laguna survey, so far as appears by the map, no streets were designated or laid off. There were, however, some streets and roads over the tract, and among them a road leading from the city to the Presidio, known as the ''Presidio Road,'' which, from some of the evidence, it is to be inferred, was in part, at least, upon the same ground with Union street. W. S. Dyer, a witness for plaintiff, and the contractor who graded Union street, says the Presidio road was about twenty feet wide, and ''ran down the hill in front of Mr. Wesson's [defendant's] lot.'' The exterior lines of defendant's lot (laguna lot No. 15) included Union street.

The evidence upon which the dedication of the street to public use is based may be summarized thus: In 1855 and 1856, under and pursuant to certain ordinances of the city and county of San Francisco, the land in question here was surveyed, and subdivided into blocks and lots, with streets delineated thereon, among which was Union street, and a

map known as the "Van Ness Map" was made and approved, showing such survey, lots and streets. The old Presidio road seems to have been abandoned soon after, and the streets, as laid out, used in lieu thereof. Some of these streets, owing to natural obstacles, could not be much used until graded and improved, and among these was a portion of Union street. In 1861 the grantor of defendants made a declaration of homestead upon the lot of defendant, showing it to be bounded on the north by Union street, and east by Polk street. The conveyance to defendant J. W. Wesson, and a declaration of homestead and mortgage executed by him, all described the lot in a similar manner; and some of them referred to the Van Ness map, and to Union and Polk streets, as delineated thereon. When Union street was graded, in 1878, by Dyer, the assignor of plaintiff, defendant J. W. Wesson made no objection thereto, but seemed to assent, and directed Dyer to take down a fence which extended into the street, and to place the material in the back yard. After the grading was finished the fences were adjusted to Union street as thus laid out, the street was sewered and paved, and a street railroad placed thereon and operated—all, so far as appears, without objection by defendants. This would seem ample to warrant the court in finding that Union street was dedicated to public use as a street, and accepted as such by the public and by the municipal authorities. On the other hand, counsel for appellants contend that as in 1891–92 the city authorities took steps to declare Union and the adjoining streets public streets, to procure the legal title thereto, and did in fact receive conveyances from defendants, and other owners of property on Union street, of their rights therein, the city is thereby estopped from saying that the title did not remain in defendants until thus conveyed. We cannot concur in this view. The action of the city, twelve years after it had caused the street to be graded by plaintiff's assignor, cannot operate as an estoppel in pais against the plaintiff here. We recommend that the judgment and order appealed from be affirmed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.